UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:24-cr-109-WFJ-TGW

PEN YU, a/k/a "Ben Yu"

**UNITED STATES' MOTION
FOR AN ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America moves for an order of forfeiture against the defendant in the amount of $100,000, representing the amount of proceeds he personally obtained as the result the conspiracy offense charged in Count One of the Information. In support, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I.   Statement of Facts**

   **A.   Allegations Against the Defendant**

   1.   The United States filed an Information charging the defendant with wire fraud conspiracy, in violation of 18 U.S.C. § 1349. Doc. 1.

   2.   The forfeiture allegations notified the defendant that, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States intended to forfeit any property constituting, or derived from proceeds the defendant obtained, directly or

indirectly, as a result of such violation, including, but not limited to, an order of forfeiture in the amount of at least $100,000. *Id.* at 17-18.

### B. Finding of Guilt and Admissions Related to Forfeiture

3. The defendant pleaded guilty to Count One of the Information. The Court accepted the defendant's plea and adjudicated him guilty. Docs. 13 and 18.

4. In his plea agreement (Doc. 5 at 9), the defendant admitted that he personally obtained $100,000 in fraud proceeds from the wire fraud conspiracy charged in Count One of the Information.

5. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States is entitled to an order of forfeiture in the amount of $100,000, representing the amount of proceeds the defendant personally obtained as a result of the conspiracy charged in Count One. Doc. 5 at 9. Moreover, the defendant agreed that the order of forfeiture should be final upon entry. *Id.*

## II. Applicable Law

### A. Forfeiture Statute

Forfeiture in this case is governed by 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offenses constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title). A violation of 18 U.S.C. § 1349 is a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7). *See* 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 1956(c)(7)(D). Pursuant to 28 U.S.C. §

2461(c), the United States is authorized to forfeit this property criminally utilizing the procedures set forth in 21 U.S.C. § 853.

### B. Court's Determination of Forfeiture

Rule 32.2, Federal Rules of Criminal Procedure, governs the criminal forfeiture of property based on a defendant's conviction for the offense giving rise to the forfeiture. Rule 32.2(b)(1) requires that as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted, the Court must determine what property is subject to forfeiture under the applicable statute. Fed. R. Crim. P. 32.2(b)(1)(A). The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B).

Because the United States could not locate any of the specific property traceable to the defendant's conspiracy offense, the United States seeks an order of forfeiture against the defendant in the amount of $100,000, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2). As the defendant has agreed, he personally obtained $100,000 in proceeds as a result of the conspiracy offense. If the Court finds that the defendant obtained $100,000 as a result of his participation in the conspiracy and that the defendant has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

**III.     Conclusion**

For the reasons stated above, the United States requests that the Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, enter an Order of Forfeiture against the defendant in the amount of $100,000.

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

The United States further requests that in accordance with his Plea Agreement (Doc. Doc. 5 at 10) and Rule 32.2(b)(4), the order of forfeiture become final as to the defendant at the time it is entered.

Finally, the United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

The United States requests that the Court retain jurisdiction to address any third-party interest that may be asserted and to complete the forfeiture and disposition of the property.

            Respectfully Submitted,

            ROGER B. HANDBERG
            United States Attorney

    By: *s/James A. Muench*
       JAMES A. MUENCH
       Assistant United States Attorney
       Florida Bar Number 472867
       400 North Tampa Street, Suite 3200
       Tampa, Florida 33602
       (813) 274-6000 – telephone
       E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

            *s/James A. Muench*
            JAMES A. MUENCH
            Assistant United States Attorney