UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

PEN YU,
a/k/a "Ben Yu"

Case No.: 8:24-cr-109-WFJ-TGW

## JOINT OBJECTION TO THE PRESENTENCE REPORT

The Parties, by and through the undersigned Assistant United States Attorney, hereby file this Joint Objection to the Presentence Report.

Paragraph 87 of the Pre-Sentence Report assesses a 20-level enhancement under U.S.S.G. § 2B1.1(b)(1)(K), based on an estimated loss of between $9.5 million and $25 million. The Parties respectfully submit that the appropriate loss range should be between $1.5 million and $3.5 million under U.S.S.G. § 2B1.1(b)(1)(I) for two reasons.

First, the loss amount in the PSR—$13.75 million—is the total amount paid by the conspirators to the victim for fraudulently obtained products, not the loss to the victim. As reflected in the plea agreement, the total fraudulent discounts obtained by the conspirators—meaning the reduction from list price based on the Defendant's fraudulent misrepresentations—was $4.9 million. *See* Dkt. 5 at 22. In addition, the conspirators' fraud netted them $800,000 in free shipping, for a total of approximately $5.7 million.

Second, treating this $5.7 million as loss under U.S.S.G. § 2B1.1 requires the presumption that products sold by the victim would otherwise have been sold for their full list price. On July 30, 2024, the undersigned AUSA received additional discovery

1

from counsel for Gregory Munoz, a separately charged co-conspirator of this Defendant. *See* 8:24-cr-110-MSS. That material, which was immediately shared with counsel for this Defendant, reflected that the victim company in this case frequently offered discounts to other purchasers of products and, therefore, that full list price may not be the appropriate starting point for calculating loss in this case. Based on this new information and the potential argument that such generally available discounts should be offset from the loss amount, the Parties have agreed to stipulate that a reasonable estimate of the loss in this case is between $1.5 and $3.5 million.[1]

If the Court agrees with this adjustment, the Parties respectfully submit that the correct total offense level will be 28.

The victim company is not requesting restitution and the parties have stipulated to a forfeiture amount of $100,000, so neither restitution nor forfeiture are impacted by this stipulation.

                                        Respectfully submitted,

                                        ROGER B. HANDBERG
                                        United States Attorney

By:   */s/ Daniel J. Marcet*
       Daniel J. Marcet, AUSA
       Florida Bar No. 0114104
       400 N. Tampa St., St. 3200, Tampa, FL
       (813) 274-6000 | Daniel.Marcet@usdoj.gov

---

[1] This reduction allows for an exclusion of as much as 85% of the fraudulent discounts. The math is as follows: $800,000 of the fraud loss from free overnight shipping is not impacted by discounts offered outside of the University Stockroom. An additional $700,000 in loss of the remaining $4.7 million is needed to reach $1.5 million. $700,000 is approximately 15% of $4,700,000. Therefore, even if 85% of the discounts could otherwise have been obtained by the defendants without fraud—which is extremely unlikely—this would still be the appropriate Guidelines range.

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Robert Zlatkin, Esq.

*/s/ Daniel J. Marcet*
Daniel J. Marcet
Assistant United States Attorney
Florida Bar No. 0114104
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Daniel.Marcet@usdoj.gov